IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02921-CMA-KMT

BROADNET TELESERVICES, LLC

      Plaintiff,

vs.

SHOUTPOINT, INC., and
VICTORY SOLUTIONS, LLC

      Defendants.

## DEFENDANTS' PROPOSED PROTECTIVE ORDER

**1.** **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order (hereinafter "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 12 below, that this Order creates no entitlement to file confidential information under seal; D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

**2.  DEFINITIONS**

    2.1    <u>Party</u>. Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2    <u>Disclosure or Discovery Material</u>. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>. Information (regardless of how generated, stored or maintained) or tangible things that a Party believes in good faith qualifies for protection under F.R.Civ.P. 26(c) or are maintained as confidential in the ordinary course of business.

    2.4    <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. Extremely sensitive confidential information or items, including, customer information, financial information, agreements, and information or documents related to development and testing of products, and other information that a Party believes in good faith could be used by a competitor to harm its business or cause serious injury.

    2.5    <u>Receiving Party</u>.  A Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6    <u>Producing Party</u>.  A Party or non-party that <u>produces Disclo</u>sure or Discovery Material in this action.

2.7     <u>Designating Party</u>. A Party or non-party that designates information or items as Protected Material.

2.8     <u>Protected Material</u>. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – RESTRICTED ACCESS ONLY."

2.9     <u>Outside Counsel</u>. Attorneys who are not employees of a Party and who are retained as counsel of record to represent a Party in this action (as well as their support staff).

2.10    <u>In-House Counsel</u>. Attorneys who are employees of a Party.

2.11    <u>Counsel</u> (without qualifier).  Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    <u>Expert</u>. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>.  Persons or entities that provide litigation support services (e.g., photocopying; transcribing; videotaping; translating; preparing of exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information or metadata copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not

qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., third paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. Utilizing this process, sometimes referred to as a "quick-peek" procedure, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information.

In the event that a Party or non-party produces Disclosure or Discovery Material that another Party desires to designate as Protected Material, the Party so desiring shall, reasonably promptly after the initial production, notify other Receiving Parties of the designation and the other Receiving Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Party asserting the designation shall also affix the appropriate legend on a copy of the protected material and produce it to the other Receiving Parties.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, as protected testimony, and further specify any portions of the testimony that qualify as Protected Material. Alternatively, the transcript of a deposition (or of any other testimony) may be designated as Protected Material in accordance with this order by

notifying the opposing party in writing, within thirty (30) days of receipt of the final transcript, that it contains Protected Material.

All transcripts shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and subject to the Protective Order until thirty (30) days after the final transcript is received. Any portion of any transcript that is not designated as Protected Material in accordance with this paragraph shall not be entitled to protection under this Order.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the item itself and/or on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected after discovery by the Producing Party, an inadvertent failure to designate qualified information or items as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as Protected Material after the material

was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including reasonable efforts to retrieve and destroy all copies of the incorrectly designated materials. The receiving Party or non-party shall have no liability under this Protective Order for reliance on the incorrect designation, including any disclosure of information contained in the incorrectly designated Discovery Material consistent with this Protective Order, prior to receiving written notice of the error.

      5.4    <u>Inadvertent Production of Documents ("Claw Back" Provision).</u> The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work product doctrine, or other privilege or immunity, and no party or third person shall be held to have waived any rights by such inadvertent production. Upon written request by the Producing Party, the Receiving Party shall: (a) return or destroy the original and all copies of such documents within seven (7) days, or promptly petition the Court for a determination whether (i) production is properly inadvertent or (ii) the document is subject to a claim of privilege, and (b) shall not further disseminate or use such information for any purpose unless and until the Court has ruled upon the Producing Party's claim of privilege.

**6.**     **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

      6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial

unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not alone sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under D.C.COLO.LCivR 7 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must include a certification that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and must set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer

dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 (FINAL DISPOSITION) of this Order, below.

All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material shall be stored under the direct control of Outside Counsel or Experts as defined in this Order, who shall be responsible for preventing any use or disclosure thereof, except in accordance with the terms of this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     The Receiving Party's Outside Counsel;

(b) Employees or officers of a Party to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have completed Exhibits A and B to this Order;

(d) The Court and its personnel;

(e) Professional Vendors;

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary for the purposes of questioning. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) The author of the document or the original source of the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel. Unless the Disclosing Party agrees in writing, no attorney who receives "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or

11

Items in this action may prosecute or supervise in the prosecution of patents relating to large-scale teleconferencing for the Receiving Party until after the date of the final resolution of this action, including any appeals;

(b) Experts pursuant to the procedures set forth in paragraph 7.4 and who have completed Exhibits A and B to this Order;

(c) The Court and its personnel;

(d) Professional Vendors; and

(e) The author of the document or the original source of the information.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u> Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that includes completed Exhibits A and B to this Order and attaches a copy of the Expert's current resume or CV.

A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer

with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in D.C.COLO.LCivR 7 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity and set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     COMPUTER PROGRAMS.**

Proprietary computer software or code may be designated "HIGHLY CONFIDENTIAL SOURCE CODE – RESTRICTED ACCESS" and shall be subject to the following additional protective measures to be followed by the Receiving Party:

8.1    An encrypted, electronic copy of computer programs, proprietary computer software, or source code (collectively "source code") produced in this action pursuant to this Order shall be made available for inspection on a stand- alone computer at the offices of Outside Counsel for the Producing Party. For the Plaintiff, the producing party office shall be Holland & Hart, 1800 Broadway, One Boulder Plaza, #300, Boulder, Colorado.  For the Defendants the producing party office shall be Knobbe Martens Olson & Bear, 2040 Main Stgreet, Suite 1400, Irving, CA 92614.

The stand-alone computer shall not be connected to any network or peripheral device, including peripheral storage devices. The source code, stand- alone computer, and all of its contents shall be treated as "HIGHLY CONFIDENTIAL SOURCE CODE – RESTRICTED ACCESS ONLY," even if no designation is physically affixed thereto.

8.2  Only Outside Counsel of record for the Receiving Party and a maximum of two (2) specified experts for the Receiving Party qualified under Paragraph 7.4 of this Order may each review electronically the source code on the stand alone computer. Unless the Disclosing Party agrees in writing, no attorney who reviews source code in this action may prosecute or supervise in the prosecution of patents relating to large-scale teleconferencing for the Receiving Party until after the date of the final resolution of this action, including any appeals. Outside counsel and experts shall complete access logs indicating their names, company or law firm affiliation, and the dates and times that source code was reviewed.

8.3  No copies of the source code may be made at any time without the express written consent of the Designating Party. Any agreed copies shall be labeled with unique production numbers, the designation "HIGHLY CONFIDENTIAL SOURCE CODE – RESTRICTED ACCESS ONLY," and such copies shall be provided to the Producing Party. Any such agreed copies shall be kept in a locked room or cabinet by the Outside Counsel or experts authorized to review such information under Section 8.2, and must be handled in accordance with Section 12 of this Agreement.

8.4 Should the electronic copy of the source code become damaged, the Producing Party shall provide a replacement stand-alone computer in a reasonable time frame.

9. **NATIVE FILES**

When it is necessary to produce native format files (such as .xls files) that cannot feasibly be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the transmission e-mail(s), disk(s), and/or letter(s) accompanying the production of such files shall indicate that the files shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Copies of native files shall also be produced in a static nature (i.e. .pdf, .txt or load file) bearing the same Bates Number(s) as the native files. All printouts or tables, charts, etc. made or derived from any information contained in such native files shall bear the proper confidentiality designation.

10. **PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than seven (7) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order, and all associated requests.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and identify the specific Protected Material at issue, (b) use its best efforts to retrieve ("claw back") all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (e) make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made.

**12.**   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR 7.2.

**13.**   **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within sixty (60) days after the final termination of this action that confirms the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**14.**   **MISCELLANEOUS**

14.1   Right to Further Relief. Nothing herein shall prevent any Party or non-party from seeking additional relief from the Court not specified in this

17

Order, or from applying to the Court for further or additional Protective Orders.

14.2   <u>Right to Assert Other Objections</u>. This Order shall not be deemed a waiver of:

(a)   Any Party's right to object to any discovery requests on any ground;

(b)   Any Party's right to seek an order compelling discovery with respect to any discovery request;

(c)   Any Party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

(d)   Any Party's right to use and disclose its own documents and its own Confidential Information designated as Protected Material in its sole and complete discretion; or

(e)   The status of any Confidential Information as a trade secret.

14.3   <u>Days</u>. For purposes of counting the number of days pursuant to any provision of this Order, days shall mean calendar days.

14.4   <u>Binding Order</u>. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. Any provision of this Order must be amended when good cause is shown by the Party wishing to amend.

DATED.   *Sep 26, 2013*

BY THE COURT:

**Kathleen M. Tafoya
United States Magistrate Judge**

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case *Broadnet Teleservices, LLC v. Shoutpoint, Inc. and Victory Solutions, LLC*, Civil Action No. 1:12-cv-02921-CMA-KMT. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" information or any portion or substance thereof provided to me in the course of this litigation except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States for the District of Colorado, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

When my services in this matter have been concluded, I will destroy all materials containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
[printed name]

Signature:_____
[signature]

## **EXHIBIT B**

## **ADDITIONAL EXPERT INFORMATION BEFORE REVIEWING CONFIDENTIAL INFORMATION**

I, _____[print or type full address], have been designated as an expert in the case of *Broadnet Teleservices, LLC v. Shoutpoint, Inc. and Victory Solutions*, LLC, Civil Action No. 1:12- cv-02921-CMA-KMT. Pursuant to Section 7.4 of the Stipulated Protective Order entered in that case, I provide the following information (information can be provided on separate sheets attached hereto):

1. My present employer is:_____

2. The address of my present employer is:_____

3. My present occupation/job description is:_____

4. Identity of each person or entity from whom I have received compensation for work in my area of expertise or to whom I have provided professional services at any time during the preceding four (4) years:_____

5. Identity of all litigation(s) I have provided professional services during the preceding four (4) years (by name and number of the case, filing date, and location of court:

_____