IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-02921-CMA-KMT

BROADNET TELESERVICES, LLC,

    Plaintiff,

v.

SHOUTPOINT, INC., and
VICTORY SOLUTIONS, LLC,

    Defendants.

---

**ORDER CONCERNING APPOINTMENT OF MASTER**

---

This matter is before the Court *sua sponte*. This patent infringement case concerns a patent covering large-scale teleconferencing system technology, in which voice response units initiate outbound invitation calls to participants who are joined in "listen only" mode, but can then signal a request to actively participate in the teleconference. This case is at the point where the disputed claims in the patent in suit must be construed applying the standards of *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) and its progeny.

The patent in suit concerns technology that is highly specialized and technical. Thus, it is likely that a master with education and skill in the technical areas addressed in the patent in suit will be able to construe the disputed claims in the patent more accurately, more efficiently, and in a more timely fashion than a judge available on

this court. Under Fed. R. Civ. P. 53(a)(1), these circumstances are sufficient to merit and permit the appointment of a master.

Before appointing a master, the Court must give the parties notice and an opportunity to be heard. Fed. R. Civ. P. 53(b)(1). This order shall serve as notice to the parties of the intent of the Court to appoint a master to construe the disputed claims of the patent in suit. This order provides a schedule for the parties to state their positions on this issue and to suggest candidates for the position of master.

Accordingly, it is ORDERED as follows:

1. That the parties shall confer with one another to determine whether they can agree on whether a master should be appointed to construe the disputed claims of the patent in suit. If the parties are able to so agree, they shall, by March 10, 2014, submit a stipulation so indicating and identifying who that master should be or, absent an agreement regarding who the master should be, setting forth a process whereby this court can, with the assistance of the parties, identify candidates for consideration.

2. If the parties are unable to agree on whether a master should be appointed to construe the disputed claims of the patent in suit, by March 10, 2014, each party shall file a brief which will include the following information:

   a) addressing the question of whether a master should be appointed to construe the disputed claims of the patent in suit;

   b) whether it consents to the appointment of a master to construe the disputed claims of the patent in suit;

    c) suggesting up to three candidates for appointment as a master, and including a summary of the qualifications of each such candidate.

  3. Regardless of whether the parties proceed in accordance with paragraph 1 or paragraph 2 above, the parties shall include, as an attachment to the joint stipulation or separate briefs, a proposed order which appoints a master to construe the disputed claims of the patent in suit and which contains the contents required under Fed. R. Civ. P. 53(b)(2)(A)-(E).

  4. The *Markman* Hearing, scheduled for March 7, 2014, at 1:00 PM is VACATED.

  DATED:  February __24__, 2014

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge