**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02921-CMA-KMT (Consolidated for all purposes with Civil Action No. 15-cv-00940-CMA-KMT)

BROADNET TELESERVICES, LLC,

    Plaintiff,

v.

SHOUTPOINT, INC., and
VICTORY SOLUTIONS, LLC,

    Defendants.

---

**ORDER GRANTING MOTION TO CONSOLIDATE CASES**

---

The matter before the Court is Plaintiff Broadnet Teleservices, LLC ("Broadnet") and Defendants Shoutpoint, Inc. and Victory Solutions, Inc.'s (collectively, "Defendants") Joint Motion to Consolidate.  (Case No. 12-cv-02921-CMA-KMT, Doc. # 100.)  Because common questions of law and fact predominate in both case number 12-cv-02921-CMA-KMT ("Broadnet I") and case number 15-cv-00940-CBS ("Broadnet II"), the Court grants the motion.

## I.   BACKGROUND

Both cases proposed for consolidation include the same accused products and parties and related patents.  The asserted U.S. patent numbers 8,266,535 (Broadnet I), 8,881,027 (Broadnet II), and 9,081,485 (Broadnet II) all share the same specification.  The three patents ultimately claim priority to U.S. Provisional Patent Application

No. 60/825,248, titled "Teleforum Apparatus and Method," which was filed on September 11, 2006. All three patents are directed to systems and methods for conducting teleforum conference calls. Broadnet alleges that the same teleconferencing products and services infringe all three patents. Additionally, the parties and counsel involved in both cases are the same. Broadnet is represented in both cases by Holland & Hart, LLP and Defendants are represented in both cases by Knobbe, Martens, Olson & Bear, LLP and Faegre Baker Daniels LLP.

## II.   LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."[1] This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., Fed. Prac. & Proc. § 2381 at 427 (2d ed.1995)). The decision whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11–cv–02491–PAB–KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

For a number of reasons, common questions of law and fact predominate in these two cases such that consolidation is appropriate and efficacious. First, the parties are the same in both cases. Second, the three asserted patents are all related and

---

[1] The district judge to whom the oldest numbered case involved in the proposed consolidation is assigned determines whether consolidation is proper. See D.C.COLO.LCivR 42.1.

directed to teleforum conferencing systems and methods. Third, Broadnet claims infringement and relief that is similar in both cases: damages and an injunction. Fourth, the accused products and systems are identical in both cases. Fifth, counsel is the same in both cases.

Further, the parties will be able to proceed with fact and expert discovery in a more efficient and less costly manner, and consolidation will allow the Court to avoid deciding similar issues in two separate cases and conducting two separate trials. *See C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) ("[T]he court should take into consideration whether judicial efficiency is best served by consolidation.").

### III. CONCLUSION

Therefore, it is ORDERED that:

1. The parties' Joint Motion to Consolidate (Doc. # 100) is GRANTED. Pursuant to Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, Civil Action No. 15-cv-00940-CBS is CONSOLIDATED with Civil Action No. 12-cv-02921-CMA-KMT for all purposes.

2. Pursuant to D.C.COLO.LCivR 42.1, Civil Action 15-cv-00940-CBS is REASSIGNED to Judge Christine M. Arguello and Magistrate Judge Kathleen M. Tafoya, and shall bear Civil Action No. 15-cv-00940-CMA-KMT.

3. All future filings in these consolidated actions shall be captioned as set forth in the above caption.

4. The March 5, 2013 Scheduling Order (Doc. # 25) and September 26, 2013 Protective Order (Doc. # 52) in Broadnet I shall apply to the consolidated cases. The case schedule provided in the Scheduling Order (Doc. # 25) is modified for the consolidated cases as follows:

## Broadnet II Schedule

| Description | Deadline |
| --- | --- |
| Defendants' Response to Broadnet's Amended Complaint | 8/17/2015 |
| Broadnet's Opposition to Motion to Dismiss | 9/11/2015 |
| Defendants' Reply Supporting Motion to Dismiss | 9/28/2015 |
| Broadnet's Disclosure of asserted claims | 10/30/2015 |
| Broadnet's Infringement contentions | 12/4/2015 |
| Defendants' Prior art statement | 1/8/2016 |
| Parties' Exchange claim terms for construction | 1/15/2016 |
| Parties Exchange claim constructions for disputed terms | 1/27/2016 |
| File Joint claim construction statement | 2/10/2016 |
| Broadnet's opening claim construction brief | 3/11/2016 |
| Defendants' responsive claim construction brief | 4/11/2016 |
| Broadnet's reply claim construction brief | 5/2/2016 |
| Claim construction hearing and technology tutorial | Subject to the Court's availability |

## Broadnet I and II Consolidated Schedule

| Description | Deadline |
| --- | --- |
| Deadline to amend pleadings regarding willful infringement and inequitable conduct<br><br>Deadline to amend Infringement contentions and Prior art statement | 15 days after Order on Claim Construction in Broadnet II |
| Close of fact discovery | 60 days after Order on Claim Construction in *Broadnet II* |

|  |  |
|---|---|
| Initial expert reports on which a party bears the burden of proof | 45 days after Close of fact discovery |
| Rebuttal expert reports | 30 days after initial expert reports |
| Close of expert discovery | 30 days after rebuttal expert reports |
| Dispositive motion deadline (summary judgment motions may be brought in advance of this deadline) | 30 days after close of expert discovery |

DATED:  August 4, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge